Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00397-CR

Richard **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-9576B
Honorable Bert Richardson, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   May 20, 2009

AFFIRMED

The trial court found Richard Jimenez guilty of aggravated robbery and assessed punishment at 15 years imprisonment pursuant to the terms of a plea bargain agreement. On appeal, Jimenez contends the absence of a complete reporter's record for his appeal entitles him to a new trial. We disagree with this contention and affirm the trial court's judgment.

**BACKGROUND**

Jimenez was charged by indictment with committing the offense of aggravated robbery. On April 7, 2008, the State made an oral plea bargain offer to Jimenez in which it agreed to a punishment cap of confinement for 12 years. Jimenez orally accepted the State's 12-year plea offer. However, for reasons that are unclear from the record, the State withdrew its 12-year plea offer almost immediately after Jimenez conveyed his acceptance of the offer. The State then made a second plea offer to Jimenez in which it agreed to a punishment cap of confinement for 15 years. Jimenez accepted the State's new 15-year plea offer, and the parties executed a formal written plea bargain reflecting the terms of the parties' agreement.

That same day, prior to the commencement of Jimenez's plea hearing before the Honorable Bert Richardson of the 379th Judicial District Court, Bexar County, Texas, Jimenez filed a "Motion to Enforce Plea Bargain Agreement." Jimenez's motion provided:

> Earlier today April 7, 2008[,] the . . . Assistant District Attorney made a plea bargain offer of a cap of 12 years. . . . After the offer was made to Defendant, the Defendant, by and through his attorney, unconditionally accepted the State's offer for a cap of 12 years. . . . Shortly after the offer was accepted by the Defendant[,] the State . . . advised Defendant's attorney that the State was withdrawing [its] offer that was accepted and increasing the offer to a cap of 15 years. . . . The Defendant submits that a plea bargain was reached by the parties and should be enforced by the court.

Judge Richardson noted on the record that he had received Jimenez's motion and requested a response from the State. The State indicated its opposition to Jimenez's motion, arguing the agreement for a punishment cap of 12 years never became binding because no written plea agreement was executed by the parties. The trial court denied Jimenez's motion.

After denying Jimenez's motion, the trial court proceeded to admonish Jimenez about his plea agreement and his limited right to appeal the denial of his "Motion to Enforce Plea Bargain

Agreement." The court informed Jimenez, "[n]ormally I would say I haven't ruled on any written pretrial motions in this case and nothing would be reserved for appeal but in fact I ruled on the motion compelling me to enforce a plea agreement that was not at the bench so that's reserved for appeal." The trial court then accepted Jimenez's plea of guilty and adjourned.

On May 7, 2008, Judge Richardson heard evidence regarding punishment and sentencing. Jimenez asked the court for leniency and urged it to reconsider his "Motion to Enforce Plea Bargain Agreement." Judge Richardson and the prosecutor then engaged in a brief discussion to ascertain the identity of the trial judge who had denied Jimenez's enforcement motion:

| The State: | With regard to the motion that he filed for enforcement, I believe Judge Priest was here at the time and already made a ruling with regard to that. |
|---|---|

***

| Judge Richardson: | All right. Regarding the request to enforce the original plea bargain, I'm going to – was it Judge Priest who ruled on that? |
|---|---|
| The State: | Yes, Your Honor. |
| Judge Richardson: | I usually rely on his experience and wisdom in most matters that I'm unfamiliar with. I've got his book on the bench . . . So I'll rely on Judge Priest's ruling on that. |

After its brief colloquy with the State, Judge Richardson found Jimenez guilty of the alleged offense and sentenced Jimenez to 15 years imprisonment in accordance with the terms of Jimenez's plea agreement. This appeal followed.

DISCUSSION

Jimenez contends the absence of a complete reporter's record for this appeal entitles him to a new trial. He bases his contention on the lack of a reporter's record for the hearing the Honorable

Pat Priest supposedly conducted on his "Motion to Enforce Plea Bargain Agreement." Jimenez maintains he is not at fault for the absence of this portion of the reporter's record and notes he has exercised due diligence in attempting to secure the reporter's record of this hearing. Jimenez argues Texas Rule of Appellate Procedure 34.6(f) requires this court to grant him a new trial given the circumstances presented. We respectfully disagree.

Under Rule 34.6(f), an appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or – if the proceedings were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). This rule, by its plain wording, applies only to situations in which a portion of the proceeding was recorded but was later lost or destroyed. *Williams v. State*, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996). If the complaining party cannot show a court reporter ever recorded the missing proceedings, he is not entitled to a new trial under the rule. *Id.*

Here, Jimenez surmises from Judge Richardson's comments during sentencing that Judge Priest presided over a hearing on his "Motion to Enforce Plea Bargain Agreement." Jimenez's mere surmises, however, are insufficient to convince us Judge Priest ever held a hearing on his motion. The record from Judge Richardson's April 7, 2008 plea hearing establishes that Richardson

considered and denied Jimenez's motion. The record before us indicates Jimenez's motion to enforce was both filed by Jimenez and considered by Judge Richardson on April 7, 2008, which was the same day Jimenez had engaged in all of his plea negotiations with the State. At no time during the April 7, 2008 plea proceeding did Judge Richardson, or any of the parties for that matter, indicate that the motion would be heard in another proceeding involving Judge Priest.

| | |
|---|---|
| Judge Richardson: | Before you enter a plea on this offense you are entitled to legal and conditional rights. They are all explained in a document that I have called court's admonishments and defendant's waiver. Before I direct you to the signature page, there's been a motion filed on your behalf entitled motion to enforce plea bargain agreement. I've reviewed it. I'll just ask the State what their position on it is and then can rule on it. |
| The State: | I don't believe that the plea bargain agreements are contracts in so far as there is no consideration given frankly either side. I believe that the facts of that motion are true but I'd like to state for the record that no actual plea bargain written agreement had been filled out at that time. There was nothing either party had signed off to so we would be in opposition to it. |
| Defense Counsel: | That is correct, Your Honor. There was nothing in writing but we had – an offer was made. We had accepted the offer and then after we had accepted before they drew up the offer, they said [n]o, we're not going to abide by it. We're going to instead give you this other offer. So they raised it from a cap of 12 to a cap of 15. All the other terms are the same that are included in the current plea bargain. |
| Judge Richardson: | As I understand the law and I wish I could be wrong on this but it is a written pretrial motion that's being filed at this time. |
| Defense Counsel: | That is correct, Judge. |
| Judge Richardson: | I don't believe legally I can enter plea negotiations. I think I'm strongly discouraged from it. The Code of Judicial Conduct prohibits me from doing that so I don't think I'm in |

a position to force the State to make any type of recommendation, so I'm going to deny the motion. If I'm wrong on that, it's for appeal and the fourth court can send it back to me and tell me what to do.

At the conclusion of the hearing, the trial court accepted Jimenez's plea of guilty and adjourned the case until Jimenez's sentencing date, which is the first time a proceeding involving Judge Priest is mentioned.

While we recognize Judge Richardson's comments at Jimenez's May 7, 2008 sentencing hearing refer to Judge Priest as having denied the motion to enforce, it appears Judge Richardson simply deferred to the State's recollection about who presided over the proceeding concerning Jimenez's motion. In addition to reviewing the reporter's records from April 7, 2008 and May 7, 2008, we have reviewed the remaining portions of the record and docketing statement for the case. Nothing in the record presented, other than the comments at Jimenez's sentencing hearing, indicates Judge Priest played any role in the denial of Jimenez's motion. Because we believe the record affirmatively demonstrates Judge Priest did not conduct any proceedings in connection with Jimenez's "Motion to Enforce Plea Bargain Agreement," we conclude the appellate record is complete for purposes of appeal. Accordingly, we hold Jimenez is not entitled to a new trial under rule 34.6(f).[1]

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[1] Alternatively, Jimenez encourages this court to remand the cause to the trial court for entry of fact findings on whether Judge Priest actually held a hearing on his motion. We decline Jimenez's invitation to remand the cause for fact findings for the same reason we have rejected Jimenez's request for a new trial.